J. S58015/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                                                : PENNSYLVANIA
                                         v.                      :
                                                                                :
DENNIS JAY MACCOLL,                      : No. 278 MDA 2017
                                                                                :
                              Appellant          :

Appeal from the PCRA Order, January 11, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002834-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 13, 2017**

Dennis Jay MacColl appeals, ***pro se***, from the order of January 11, 2017, dismissing his PCRA[1] petition without a hearing and allowing appointed counsel to withdraw.  We affirm.

The history of this case was set forth at length in the PCRA court's comprehensive March 17, 2017 opinion.  (Docket #28.)  To summarize, appellant entered a negotiated guilty plea on July 10, 2013 to multiple counts of simple assault and terroristic threats and received the agreed-upon sentence of 6 to 23 months' incarceration followed by 5 years of probation. Appellant's sentence was below the mitigated range of the guidelines. Appellant did not take a direct appeal.  On August 28, 2015, appellant

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

appeared for a parole/probation violation hearing. Following the hearing, parole and probation were revoked, and appellant was resentenced on November 10, 2015 to 2½ to 5 years' incarceration. Post-sentence motions were denied, and appellant filed a timely appeal. On September 9, 2016, this court affirmed the judgment of sentence. *Commonwealth v. MacColl*, 158 A.3d 173, 2016 WL 5886755 (Pa.Super. Sept. 9, 2016) (unpublished memorandum).

A timely *pro se* PCRA petition was filed on November 7, 2016. Counsel was appointed and filed a petition to withdraw and *Turner*/*Finley*[2] "no-merit" letter addressing the issues raised in appellant's petition. On December 13, 2016, the PCRA court issued 20-day notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(a). Appellant filed a *pro se* response on January 5, 2017; and on January 11, 2017, the PCRA court dismissed appellant's petition and granted PCRA counsel leave to withdraw. This timely appeal followed. Appellant complied with Pa.R.A.P. 1925(b), and the PCRA court has filed a Rule 1925(a) opinion.[3]

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The PCRA court ordered appellant to file a Rule 1925(b) statement within 21 days "of the date Defendant receives this Order." (Docket #26.) The Rule 1925 order was filed on February 3, 2017, and mailed to appellant at SCI-Laurel Highlands via first-class mail and certified mail. (*Id.*) Appellant's Rule 1925(b) statement is dated Sunday, February 26, 2017 and bears a postmark of Monday, February 27, 2017. (Docket #27.) Ordinarily,

Although the PCRA court erroneously concluded in its Rule 1925(a) opinion that appellant's PCRA petition was untimely filed, it nevertheless addressed the issues appellant raised on the merits. We determine that the merits review of the Honorable Donald R. Totaro's 22-page Rule 1925(a) opinion ably and comprehensively disposes of the matter, discussing each of the issues raised in appellant's PCRA petition and on appeal with appropriate citation to relevant authority and without legal error. Therein, Judge Totaro thoroughly explains why all of appellant's issues are either waived, previously litigated, or wholly meritless and no purpose would be served by further proceedings. In addition, appellant has cited no authority for the proposition that appointed PCRA counsel was required to interview him prior to filing a withdrawal petition and ***Turner***/***Finley*** letter. We will affirm the order dismissing appellant's PCRA petition on the basis of the merits review contained in Judge Totaro's March 17, 2017 opinion.

---

appellant's concise statement would be considered untimely because it was not placed in the prison mail within 21 days of the PCRA court's order. Nevertheless, we will not find waiver since the PCRA court explicitly provided that the Rule 1925(b) statement shall be filed within 21 days of the date appellant "receives" the order, and presumably, it took at least 1-2 days for the order to arrive at SCI-Highlands and be placed into appellant's hands.

J. S58015/17

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CRIMINAL**

COMMONWEALTH OF PENNSYLVANIA     :

                         :      No. 278 MDA 2017

vs.                     :

                         :      CP-36-CR-0002834-2013

DENNIS JAY MACCOLL           :

## PA R.A.P. 1925 OPINION

BY TOTARO, J.

Before the Superior Court of Pennsylvania is an appeal from an order dismissing the *pro se* Motion for Post Conviction Collateral Relief ("PCRA") filed by Dennis Jay MacColl ("Appellant"). On January 11, 2017, this court issued an order dismissing the PCRA motion without a hearing and granting leave for Christopher P. Lyden, Esquire ("PCRA counsel") to withdraw as counsel. On January 27, 2017, Appellant filed a Notice of Appeal. For the reasons that follow, the appeal should be denied.

### PROCEDURAL AND FACTUAL BACKGROUND

Appellant was charged with one count of simple assault and one count of terroristic threats, at docket 2823-2013, for an incident which allegedly occurred on May 18, 2013. *See* Information.[1] Appellant was additionally charged with one count of simple assault and two counts of terroristic threats, at docket 2834-2013, for an incident which allegedly occurred on May 25, 2013. *See* Information.

On July 10, 2013, Appellant tendered a negotiated guilty plea on both dockets.[2] At 2823-2013, Appellant admitted to striking Dorothy Coll ("Coll"), pulling her hair, throwing her to the

---

[1] 18 Pa.C.S.A. § 2701(a)(1) and 18 Pa.C.S.A. § 2706 (a)(1) respectively.

[2] Appellant was represented by Michael E. McHale, Esquire ("trial counsel").

ground, threatening to kill her, and telling her that spending the rest of his life in jail would be worth it if she died. (Notes of Testimony, Guilty Plea at 23-24) (hereinafter "N.T.G.P."). Appellant was sentenced to serve 6 to 23 months in Lancaster County Prison ("LCP") on each count, concurrent to one another. *See* Sentencing Order.

At 2834-2013, Appellant admitted pulling Coll from a chair and threatening to have her and Victoria Burkhart ("Burkhart") killed if they called police. (N.T.G.P. at 24). Appellant was placed on probation for two years on the charge of simple assault and five years of concurrent probation on the two counts of terroristic threats.[3] *See* Sentencing Order. This sentence was made consecutive to the jail sentence imposed at 2823-2013. *Id.* Appellant did not appeal.

On August 28, 2015, Appellant appeared before the court with trial counsel for a parole and probation violation (PV) hearing on the above-referenced dockets. Appellant stipulated to some violations and a hearing was held on other alleged violations. (Notes of Testimony, PV Hearing at 3-4) (hereinafter "N.T.P.V."). Following the hearing Appellant was found in violation of probation and parole on both informations, they were revoked, and sentencing was deferred pending the completion of a Pre-Sentence Investigation ("PSI") Report. *Id.* at 59.

On November 10, 2015, Appellant was sentenced to serve the unexpired balance of his sentence at docket 2823-2013. (Notes of Testimony, PV Sentencing at 24) (hereinafter "N.T.P.V.S."). At docket 2834-2013, Appellant received an aggregate sentence of 2½ to 5 years in jail on all counts. *Id.* at 24-25.

---

[3] With a prior record score of "5," the recommended minimum sentence for each count on both dockets was between 6-16 months incarceration. *See* Sentencing Guidelines Worksheet. The mitigated range of the sentencing guidelines called for a minimum sentence of at least 3 months in jail on each count. *Id.* Appellant also admitted to violating a Protection From Abuse order by going to Coll's residence on a separate occasion, where he was found at the scene by police. (N.T.G.P. at 23).

2

On November 20, 2015, trial counsel filed a post-sentence motion which was denied on November 23, 2015. On December 10, 2015, Chad W. Zimmerman, Esquire, ("appellate counsel"), an assistant public defender, filed a Notice of Appeal to the Superior Court of Pennsylvania at docket 2834-2013 only, claiming the aggregate jail sentence of 2½ to 5 years was an abuse of discretion which showed a bias of the sentencing judge. *See* Statement of Errors Complained of on Appeal. On September 9, 2016, the Superior Court affirmed the judgment of sentence. *See Commonwealth v. MacColl*, 2156 MDA 2015 (Pa. Super. September 9, 2016).

On November 7, 2016, Appellant filed a *pro se* PCRA Motion alleging that trial counsel provided ineffective assistance of counsel by: (1) failing to seek dismissal of all charges when the Commonwealth conceded there was no victim or witness to prosecute the case; (2) failing to object when the court sentenced him to 2½ to 5 years incarceration for his first probation violation on two misdemeanor charges; (3) failing to review his case or provide a meaningful and vigorous defense; (4) representing him on July 10, 2013, because counsel was recently terminated from his employer for ethical violations; and (5) failing to ask the trial court to recuse himself from the case for bias towards Appellant. *See* PCRA Motion.

On November 10, 2016, the court appointed Christopher P. Lyden, Esquire, as PCRA counsel. On November 18, 2016, after investigating Appellant's claims, PCRA counsel submitted a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), with a copy to Appellant, expressing the opinion that there were no meritorious issues to pursue on behalf of Appellant. Counsel simultaneously filed a Motion to Withdraw as Counsel, complying with the requirements of *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006) (overruled on other grounds).

3

In his Letter, PCRA counsel found the PCRA court did not have jurisdiction to review Appellant's first claim because it was not timely filed and there were no timeliness exceptions. *See* No-Merit Letter. Counsel noted the second and fifth issues were previously litigated on direct appeal, while Appellant's fourth issue had no merit because trial counsel is duly licensed to practice law in Pennsylvania. *Id.* Finally, PCRA counsel dismissed the third issue by noting that Appellant "simply made a conclusive accusation unsupported by any facts warranting relief." *Id.* PCRA counsel also conducted an independent review and found no meritorious claims. *Id.*[4]

Thereafter, this court conducted an independent review of the record, concluding on December 13, 2016 that Appellant's PCRA motion was patently frivolous, the allegations were not supported by the record, and the court intended to dismiss the motion without a hearing. *See* Rule 907 Notice. Pursuant to Pa.R.C.P. 907, Appellant was informed he had twenty days to file a response and show good cause why his motion should not be dismissed. *Id.*

On December 29, 2016, Appellant submitted a written response opposing the dismissal of his PCRA Motion. Because his response did not contain anything new for the court's consideration that would result in a change to the findings as detailed in the Rule 907 Notice, the court filed an order dismissing Appellant's PCRA motion.[5] *See* Order, 1/11/17.

---

[4] On November 28, 2016, in response to the no-merit letter and motion to withdraw as counsel, Appellant submitted a letter to the court objecting to the conclusion of PCRA counsel that the petition was untimely and requesting another attorney to file an amended petition on his behalf. *See* Letter.

[5] In his response, Appellant alleged that PCRA counsel failed to comply with the requirements of *Finley* because counsel never contacted him to discuss the petition before seeking to withdraw as counsel. *See* Response. However, as the PCRA court noted in its order, *Finley* does not mandate that counsel speak with a defendant. *See* Order, 1/11/17. Appellant further stated he wished to explain to PCRA counsel the issues raised in his *pro se* petition, specifically issues 1, 3, and 4. *See* Response. However, the PCRA Court conducted an independent review of all issues raised in Appellant's PCRA petition and found them to be untimely, previously litigated, or without merit. *See* Order, 1/11/17.

4

On January 27, 2017, Appellant filed a *pro se* Notice of Appeal to the Superior Court of Pennsylvania. A Statement of Errors Complained of on Appeal ("Statement") was filed on March 1, 2017, alleging the PCRA court erred by: (1) granting PCRA counsel's petition to withdraw where counsel failed to discuss the PCRA petition with Appellant; (2) requiring Appellant to respond *pro se* to PCRA counsel's petition to withdraw; (3) "not exercising it's inherent power to supervise the bar, where it failed to require appointed counsel to at a minimum discuss the petition and underlying facts with petitioner;" and (4) allowing appointed counsel to "abandon petitioner" by withdrawing without fully investigating the PCRA petition, thus effectively denying petitioner his constitutional right to counsel. *See* Statement.

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## DISCUSSION

Before addressing the specific issues raised by Appellant in his Statement, the court will first address the allegations made by Appellant in his PCRA motion.

To obtain relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence of imprisonment, probation, or parole for that crime; (2) the conviction resulted from one or more of the statutorily enumerated errors; (3) the allegation of error has not been previously litigated or waived; and (4) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S.A. § 9543. Ineffective assistance of counsel is a statutorily enumerated error under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii).

5

Appellant's first claim of ineffective assistance of counsel involves the failure by trial counsel to timely motion the court for dismissal of all charges when the Commonwealth allegedly conceded there was no victim or witness to prosecute the case. *See* PCRA Motion. Appellant's claim in this regard is governed by 42 Pa.C.S.A. § 9545(b), which provides:

(b) Time for filing petition.-

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented. . . .

42 Pa.C.S.A. § 9545(b).

A defendant must file a PCRA motion within one year of the date judgment of sentence becomes final unless one of the exceptions listed in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) applies. *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002). The time limit requirements are mandatory and jurisdictional in nature, and the court may not disregard them to reach the merits. *Id.* Thus, if a "PCRA petition is untimely, neither [the Superior] Court nor the trial court

6

has jurisdiction over the petition. Without jurisdiction, [there is simply no] legal authority to address the substantive claims." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (quoting *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010)) (internal quotation marks omitted). There is no generalized equitable exception to the one-year jurisdictional time bar pertaining to post-conviction petitions. *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

Appellant pleaded guilty and was sentenced on July 10, 2013. Because he did not file an appeal following his guilty plea and sentencing, judgment of sentence became final at the expiration of the 30-day time limit for seeking direct review in the Pennsylvania Superior Court, or on August 9, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant did not file his *pro se* PCRA motion until November 7, 2016, well beyond the one-year deadline of August 9, 2014.

Since Appellant did not file his petition within one year of the time judgment of sentence became final, this issue is untimely unless one of the exceptions of 42 Pa.C.S.A. § 9545(b)(1) applies. *Commonwealth v. Kretchmar*, 971 A.2d 1249, 1251 (Pa. Super. 2009) (citing *Commonwealth v. Murray*, 753 A.2d 201 (Pa. 2000)). Those exceptions are interference by government officials, after-discovered evidence, or recently-recognized constitutional rights to be applied retroactively. *Commonwealth v. Baldwin*, 789 A.2d 728, 730 (Pa. Super. 2001). Appellant has the burden to plead and prove that one of these exceptions to the one-year time requirement applies. *Commonwealth v. Bronshtein*, 752 A.2d 868, 871 (Pa. 2000).

In this case, Appellant has failed to establish that he was unable to meet the August 9, 2014 deadline for filing the PCRA motion due to any exception. In fact, Appellant wrote in his original PCRA motion that there were no issues of after discovered evidence, "no issues dealing with retroactivity," and no issues of governmental interference which precluded him from

7

making a timely claim. *See* PCRA Motion. Therefore, because Appellant failed to meet his burden, PCRA counsel and the PCRA court properly concluded the issue was not timely raised, there were no exceptions, and the court did not have jurisdiction to review this claim.

Assuming, *arguendo*, the motion is timely, Appellant is mistaken in asserting the Commonwealth "readily conceded" there was no competent or credible witness/victim to legally prosecute the case. At the time of the guilty plea, victim Coll was present in the courtroom. (N.T.G.P. at 5, 7). Although she did not want to testify against Appellant, she did testify against him at the preliminary hearing and there was no indication she would not do so at trial if necessary. *Id.* at 5-7, 10-11. Moreover, Burkhart was a victim/witness to the charges at this docket, and she was very willing to testify. *Id.* at 11-12. Thus, as will be discussed *infra*, there was no arguable merit to this underlying claim to support ineffective assistance of counsel.

In his fourth PCRA claim, Appellant also alleges trial counsel provided ineffective assistance of counsel at his guilty plea hearing on July 10, 2013, because counsel was recently terminated from his employer for an alleged "plethora of ethical violations . . . ." *See* PCRA motion. Once again, for the reasons previously stated, this claim is untimely.

To the extent Appellant is alleging an exception based on newly-discovered evidence, the Supreme Court of Pennsylvania has held that a motion for a new trial based on after-discovered evidence must at the very least describe the evidence that will be presented. *Commonwealth v. Castro*, 93 A.3d 818, 827 (Pa. 2014). Simply relying on conclusory accusations is insufficient to warrant a hearing. *Id.* An evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim. *Commonwealth v. Griffin*, 137 A.3d 605, 610 (Pa. Super. 2016).

8

As such, Appellant had the burden of pleading the existence of recent ethical violations against trial counsel, and how they would have effected counsel's representation of him during a guilty plea hearing held more than three years ago. In his motion, Appellant offers nothing more than bald allegations. In response, PCRA counsel noted that trial counsel is currently licensed to practice law in Pennsylvania. *See* No-Merit Letter. Thus, Appellant's claim must fail.

In his second and fifth PCRA claims, Appellant alleges trial counsel rendered ineffective assistance of counsel by failing to ask the trial court to recuse himself from the PV hearing for alleged bias towards Appellant, and for failing to object when the court sentenced Appellant to 2½ to 5 years incarceration. *See* PCRA Motion.

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that "the allegation of error has not been previously litigated or waived." 42 Pa. C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa. C.S.A. § 9544(a)(2).

In the present case, Appellant's claims in this regard were previously litigated on direct appeal, and on September 9, 2016, the Superior Court of Pennsylvania rejected those claims. *MacColl, supra*, No. 2156 MDA 2015. Therefore, because these matters were previously litigated, Appellant is not entitled to further relief.

In his third PCRA claim, Appellant alleges trial counsel provided ineffective assistance by failing to review his case or provide a meaningful and vigorous defense/representation. *See* PCRA motion. If Appellant is referring to trial counsel's conduct prior to or during the guilty plea of July 10, 2013, his claim is untimely for the reasons previously stated.

9

Assuming, *arguendo*, Appellant's claim is in reference to the guilty plea and it is deemed timely, the court will address his allegation on the merits. To succeed on a claim of ineffective assistance of counsel, a petitioner must specifically plead and prove facts sufficient to support a claim. *See Commonwealth v. Colavita*, 993 A.2d 874, 894 (Pa. 2010). Abstract allegations will not be considered. *Id.* at 895. Because Appellant has simply made a conclusory accusation unsupported by any facts, relief is not warranted.

Moreover, to prevail on a claim of ineffective assistance of counsel, a petitioner must show that "(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Lambert*, 797 A.2d 232, 243 (Pa. 2001); *see also Strickland v. Washington*, 466 U.S. 668 (1984). Failure to address any prong will defeat an ineffectiveness claim. *Commonwealth v. Walker*, 36 A.3d 1, 7 (Pa. 2011).

When determining whether counsel's conduct had a reasonable basis for effectuating their interest, a petitioner must establish by a preponderance of the evidence that counsel did not act in their best interests. *See Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009). A petitioner must also establish resulting prejudice or the claim will fail. *Commonwealth v. Miller*, 987 A.2d 638, 648-49 (Pa. 2009). A petitioner must demonstrate that no reliable adjudication of guilt or innocence could have occurred because ineffective assistance of counsel so undermined the truth-determining process. *Commonwealth v. Whitney*, 708 A.2d 471, 476 (Pa. 1998).

"Counsel is presumed effective, and [Appellant] bears the burden of proving otherwise." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (quoting *Steele*, 961 A.2d at 796) (internal

10

quotation marks omitted). Counsel is given broad discretion in determining trial tactics and strategy. *Commonwealth v. Fowler*, 703 A.2d 1027, 1029 (Pa. 1997). The applicable test is not whether alternative strategies were more reasonable employing a hindsight evaluation of the record, but whether counsel's decision had any reasonable basis to advance the interests of a petitioner. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

The mere fact that a petitioner tenders a guilty plea does not preclude relief. Section 9543(a)(2)(ii) of the PCRA encompasses all constitutionally cognizable claims of relief. *Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 131 (Pa. 2001) (claims relating to the guilty plea process are cognizable under the PCRA). A claim of ineffective assistance of counsel in relation to a guilty plea provides a basis for relief if a defendant can prove that the ineffective assistance caused an involuntary or unknowing plea. *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246-47 (Pa. Super. 2002). In determining whether a plea has been voluntarily entered, an examination of the totality of the circumstances is warranted. *Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999).

Where a defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (internal quotation marks omitted). To succeed in showing prejudice, the defendant must show it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *Id.* In determining whether a plea has been voluntarily entered, the oral and written plea colloquy and off-the-record communications between a defendant and trial counsel are to be considered. *Allen*, 732 A.2d at 588-89.

11

During a guilty plea, the court must conduct an inquiry with a defendant on the record which addresses the following: (1) does the defendant understand the nature of the charges; (2) is there a factual basis for the plea; (3) does the defendant understand his right to a jury trial; (4) does the defendant understand he is presumed innocent until proven guilty; (5) is the defendant aware of the permissible range of sentences; and (6) is the defendant aware the judge is not bound by the terms of any plea agreement. *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002); *Commonwealth v. Hallock*, 722 A.2d 180, 182 (Pa. Super. 1998); Pa. R. Crim. P. 590 Cmt. The express purpose for conducting this colloquy is to ensure the defendant understands the nature of the charges to which he is pleading and the rights he is waiving. *Commonwealth v. Carter*, 656 A.2d 463, 465 (Pa. 1995).

The questioning of a defendant may be conducted by the judge, an attorney for either party, or by written colloquy. *Commonwealth v. Harris*, 589 A.2d 264, 265 (Pa. Super. 1991). If a written colloquy is used it must be completed and signed by the defendant and made part of the record. *Id.* The colloquy must also be supplemented by some oral explanation. *Id.*

A defendant has the duty to truthfully answer all questions at the time of the guilty plea. *Commonwealth v. Vesay*, 464 A.2d 1363, 1368 (Pa. Super. 1983). Consistent with this principle, defendants are bound by the statements they make during their plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when they pleaded guilty. *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999).

After careful review of the record, there is no evidence to suggest that trial counsel provided ineffective assistance of counsel prior to or at the time of the guilty plea. During the guilty plea hearing Appellant acknowledged he signed guilty plea slips and a plea agreement

12

form which listed the charges and agreed-upon sentence. (N.T.G.P. at 16-17). Appellant stated he reviewed the forms with his attorney and understood the terms of the guilty plea. *Id.* The court confirmed with Appellant that he reviewed with his attorney all of the rights listed on a seven-page guilty plea colloquy, he understood those rights, and he signed the form. *Id.* at 13-14.[6] The court then reviewed some of those rights with Appellant, who stated he understood. *Id.* at 14-15. The court reviewed with Appellant the recommended minimum sentences contained in the sentencing guidelines worksheet and the potential maximum sentences. *Id.* at 17-18, 21.

The court reviewed with Appellant the elements of the crimes for which he was pleading guilty, and Appellant stated he understood. (N.T.G.P. at 20-21). Following the prosecutor's recitation of the facts Appellant admitted to committing these crimes. *Id.* at 23-24. Appellant stated it was his decision to plead guilty, he made this decision of his own free will, and he was not forced or threatened to plead guilty. *Id.* at 14-15.

As noted, a defendant has the duty to truthfully answer all questions at the time of the guilty plea, they are bound by the statements they make during the plea, and they may not assert grounds for withdrawing the plea that contradict statements made when they pleaded guilty. In the present case, because Appellant acknowledged committing the crimes, he is bound by his admissions and may not assert grounds for withdrawing a plea which contradict that admission.

---

[6] Appellant signed the Guilty Plea Colloquy and Post-Sentence Rights form acknowledging he understood he did not have to plead guilty, he had the right to a trial by jury, he understood that at trial the Commonwealth would be required to prove his guilt beyond a reasonable doubt, he reviewed the sentencing guidelines and maximum sentences he was facing with his attorney, he was giving up the right to a jury trial by pleading guilty, he was entering into a negotiated plea agreement with the District Attorney, he understood the terms of the plea agreement, it was his decision to plead guilty, he was not threatened or forced to plead guilty, he was making this decision of his own free will, he understood his guilty plea would have the same effect as a conviction by judge or jury, and he had sufficient time to review this information with his attorney before pleading guilty. *See* Colloquy.

13

Appellant must also show the course of conduct pursued by trial counsel did not have some reasonable basis designed to effectuate his interests in order to establish ineffective assistance of counsel. Presently, trial counsel negotiated a sentence where Appellant, with an extensive prior criminal record, received a sentence below the mitigated range of sentencing guidelines in a case where he physically assaulted and threatened to kill his victims. Rather than face jail following an open guilty plea or conviction at trial, including the potential for state prison within the standard range of the sentencing guidelines, Appellant was placed on probation for all three counts at 2834-2013. The court was reluctant to accept the guilty plea because of the lenient sentence, advising Appellant a state prison sentence was appropriate. (N.T.G.P. at 6). The court only accepted the plea after warning Appellant that if he returned for a probation violation he could receive a prison sentence of up to five years in jail. *Id.* at 12, 19-20, 22, 27. Thus, trial counsel's course of conduct had a reasonable basis designed to effectuate Appellant's interest and was within the range of competence demanded of attorneys in criminal cases.

Additionally, Appellant must show there is a reasonable probability the outcome of the proceedings would have been different but for counsel's ineffectiveness. Appellant has failed in this regard as well. While Appellant asserts there were no witnesses to legally prosecute the case, the record establishes that Coll testified against Appellant at the preliminary hearing, she was present in court for the guilty plea, and there was no indication she would not do so at trial if necessary. Moreover, an independent witness (Burkhart) was more than willing to testify against Appellant. Based on the foregoing, there is no reasonable probability the outcome would have been different if Appellant had proceeded to trial rather than plead guilty, and for these reasons Appellant's claim of ineffective assistance of counsel as it may relate to his guilty plea must fail.

14

If Appellant's claim is in reference to the PV proceedings, it would be timely. However, Appellant is not entitled to relief because he has failed to specifically plead and prove facts sufficient to support a claim. *Colavita*, 993 A.2d at 894. Assuming, *arguendo*, there is sufficient specificity, the record discloses that trial counsel clearly provided a meaningful and vigorous defense. While Appellant stipulated to certain clear violations, counsel requested a hearing to contest other alleged violations. (N.T.P.V. at 3-4, 7-8). Counsel then questioned the probation officer and Appellant in an attempt to refute the allegations, suggesting Appellant missed certain appointments due to his work schedule or for health reasons. *Id.* at 11-25, 30-40, 46-47, 53-55. Counsel also provided argument as to why Appellant should not be found in violation of certain allegations. *Id.* at 55-57. From counsel's questions and argument it was clear he was very prepared and did in fact present a vigorous defense to the allegations. *Id.* at 11-25, 30.

At the conclusion of the hearing the court found that Appellant was in violation of his probation for failing to report for drug testing on several occasions, traveling more than 30 miles from his place of residence without permission, using cocaine on at least three occasions, using a chemical agent with the intent to adulterate a urine sample, and failing to report to several appointments with his probation officer. (N.T.P.V. at 37-38, 50-51, 57-59). This finding was based on Appellant's own admissions and on his lack of credibility when claiming he used a chemical agent for a purpose other than to adulterate a drug test.[7] *Id.* While Appellant blames counsel for the outcome, his own admissions were the basis for the violation.

---

[7] According to the probation officer, Appellant signed a form admitting to the use of a chemical adulterant in an attempt to pass his drug test. (N.T.P.V. at 9-11). Appellant testified at the hearing and denied using a chemical for that purpose, stating he was only joking. *Id.* at 37-38. The court did not find Appellant to be credible. *Id.* at 58.

15

Counsel also provided meaningful and vigorous representation of Appellant at the PV sentencing held on November 10, 2015, producing certificates Appellant received while in prison, citing Appellant's background, and raising health concerns. (N.T.P.V.S. at 4). While recognizing that Appellant was previously warned of the potential for a state prison sentence if he violated probation or parole, counsel nevertheless argued for a lesser sentence because the underlying violations were technical in nature, this was Appellant's first violation in the present case, and Appellant should be given credit for staying out of trouble for 1½ years. *Id.* at 6, 10.

Moreover, counsel identified applicable sentencing code provisions and presented them in a light most favorable to Appellant, noting that Appellant had completed some conditions of his original sentence including a domestic violence evaluation, drug and alcohol counseling, payment of fines and costs, full-time employment, and completion of the Promoting Responsible Fatherhood and Beginning in the Right Direction programs. (N.T.P.V.S. at 6-11). Counsel also provided case law to support his argument that incarceration was not warranted, while presenting testimony from the assault victim in this case who was requesting leniency. *Id.* at 12-14.

It is clear from the record that Appellant's underlying claim as it may relate to the PV hearing is not of arguable merit, the course of conduct pursued by counsel did have a reasonable basis designed to effectuate Appellant's interests, and there is no reasonable probability the outcome of the proceeding would have been different but for the actions of counsel.[8] As

---

[8] At sentencing the court considered the numerous unsuccessful attempts at inpatient treatment, the gravity of the original offenses where Appellant physically assaulted and/or threatened to kill his victims, five prior violations while on court supervision, repeated present violations over an extended period of time while on non-custodial status, extensive prior record which included eight separate crimes of violence, the original negotiated sentence was below the mitigated range of the sentencing guidelines, Appellant was warned of a state prison sentence if he violated, and Appellant has not made any effort to change his lifestyle or show he is amenable to treatment or rehabilitation. (N.T.P.V.S. at 14-22).

16

Appellant himself stated following counsel's presentation, "I wasn't taking my probation seriously." (N.T.P.V.S. at 15).

For the reasons stated herein, Appellant's PCRA claims were untimely, previously litigated, or frivolous. Nevertheless, Appellant asserts in his Statement on appeal that the PCRA court erred by failing to require appointed counsel to at a minimum discuss the petition and underlying facts with petitioner, and by granting PCRA counsel's petition to withdraw where counsel did not discuss the PCRA petition with Appellant. *See* Statement.

When PCRA counsel determines issues raised in a *pro se* PCRA motion are meritless and the court agrees, counsel will be permitted to withdraw and the petitioner may proceed on his own or with private counsel. *Commonwealth v. Finley*, 550 A.2d 213, 215 (Pa. Super. 1988). The steps required of counsel before withdrawing are to provide a no-merit letter detailing the nature and extent of his review, list each issue the petitioner wished to have reviewed, and explain why the issues are meritless. *Id.*; *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988). The PCRA court must then conduct its own independent review of the record and agree with counsel that the petition is meritless. *Finley*, 550 A.2d at 215. The independent review necessary to assure a withdrawal request by PCRA counsel requires proof to the PCRA court of the above steps required of counsel. *Id.*

Meaningful participation of counsel is required. *Commonwealth v. Karanicolas*, 836 A.2d 940, 946 (Pa. Super. 2003). Where the record fails to demonstrate meaningful participation by counsel appointed to represent an indigent petitioner filing his first PCRA petition, the Superior Court will remand for appointment of new counsel. *Commonwealth v. Perez*, 799 A.2d 848, 852 (Pa. Super. 2002). However, neither *Finley* nor *Turner* state that counsel is required to

17

discuss the petition with a petitioner before withdrawing from a frivolous appeal, as suggested by Appellant. Moreover, in *Commonwealth v. Torres*, 630 A.2d 1250 (Pa. Super. 1993), the Superior Court found that an interview of the appellant by counsel is not required in a case involving a direct appeal. *Id.* at 1255. The Superior Court stated as follows:

> It is this determination of frivolousness which is essential under *Anders*, and not an interview which may aid in making it. An interview is unnecessary in most instances, and we find no justification in making one an additional *Anders* requirement. What is essential to making a determination of frivolousness and fulfilling the duty under *Anders* to advise the defendant adequately of counsel's actions and his rights is communication with defendant by providing a copy of the *Anders* brief, the motion to withdraw and a letter explaining counsel's actions and the defendant's alternative recourses. Prior communication may or may not be necessary for counsel to fulfill adequately his responsibility, depending on the circumstances of the particular case.

*Id.* at 1252. As such, the Superior Court declined to propose a per se requirement that counsel interview or communicate with appellant prior to issuing a no-merit letter. *Id.* at 1253.[9]

*Torres* involved a direct appeal, and the requirements for withdrawal by appellate counsel in such cases are found in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and its federal precursor, *Anders v. California*, 386 U.S. 738 (1967).[10] Nevertheless, the Pennsylvania Supreme Court has noted that the *Finley/Turner* procedures for withdrawal of

---

[9] In *Commonwealth v. Fischetti*, 669 A.2d 399 (Pa. Super 1995), where counsel provided no indication that he interviewed appellant with regard to the direct appeal and the appellant argued this constituted a deficiency in counsel's representation entitling him to new counsel, the Superior Court disagreed. *Id.* at 400 n.1.

[10] In *McClendon*, the Pennsylvania Supreme Court found it "apparent [based on *Anders*] that the right to withdraw is in the first instance tied to a finding, after a conscientious review of the record, that the appeal is 'wholly frivolous.'" *Torres*, 630 A.2d at 1251 (citing *McClendon*, 434 A.2d at 1187). *McClendon* imposed the *Anders* requirements that counsel notify appellant of his request to withdraw, furnish appellant with a copy of the brief prepared by counsel, and advise appellant of his right to retain new counsel or raise any points that he may deem worthy of consideration. *Id.* It then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous. *Id.*

18

counsel in cases on collateral review are less cumbersome than those set forth in *Anders/McClendon. Turner,* 544 A.2d at 927. In *Turner,* the Supreme Court stated "[i]nasmuch as the United States Supreme Court decided in *Pennsylvania v. Finley, supra,* that the federal constitutional considerations underlying the tortuous procedures of *Anders* do not apply under the [PCRA], we deem these less rigid requirements for withdrawal of counsel to satisfy Pennsylvania law in collateral attacks on criminal convictions." *Turner,* 544 A.2d at 929.[11]

Consequently, if a lawyer is not required to speak with their client under the more stringent *Anders* requirement, then it follows that a lawyer is not required to speak with their client under *Turner/Finley.* As such, there was no per se requirement that PCRA counsel discuss the petition with Appellant, the PCRA court was not required to mandate that appointed counsel at a minimum discuss the petition with Appellant, and the PCRA court properly granted PCRA counsel's petition to withdraw where the court conducted an extensive independent review of the record before determining the petition was frivolous.

Appellant further asserts in his Statement that the PCRA court erred by requiring him to respond *pro se* to PCRA counsel's petition to withdraw. *See* Statement. However, Pa.R.Crim.P. 907(1) requires the judge to notify a defendant of the intent to dismiss their petition. *Id.* The defendant then has twenty days to respond. *Id.* If no response is received or the substance of the response has no bearing on the merits of the case the judge will dismiss the petition. *Id.* A

---

[11] In *Pennsylvania v. Finley,* 481 U.S. 551 (1987), the Supreme Court of the United States held that the constitutional right to appointed counsel in the *Anders* decision is not applicable to collateral attacks on convictions. *Id.* at 552-55. Thus, where a state chooses to provide appointed counsel for the purpose of assisting an indigent criminal launch a collateral attack on his conviction, the United States Constitution does not dictate the form which such assistance must take. *Id.* at 559. *Finley's* right to appointed counsel rested upon Pennsylvania Rules of Criminal Procedure, which do not impose upon appointed counsel a duty to proceed in the manner directed by *Anders. Id.* at 551.

19

PCRA court's notice under rules governing disposition of a PCRA petition without a hearing is adequate when the court advises the petitioner that his issues lack merit, states the reasons for dismissal, and informs the petitioner he has twenty days to file a response to the notice. *Commonwealth v. Smith*, 121 A.3d 1049, 1055 (Pa. Super. 2015).[12]

Presently, the PCRA court complied with all requirements for notice of intent to dismiss and provided Appellant an opportunity to respond. Because Appellant's response did not result in a change to the findings as detailed in the Rule 907 Notice, an order was subsequently entered denying the PCRA motion. As such, Appellant's claim in this regard must fail.

Finally, Appellant asserts that the PCRA court erred by allowing appointed counsel to withdraw as counsel without fully investigating the PCRA petition, thus effectively denying petitioner his constitutional rights. *See* Statement.

PCRA counsel submitted a no-merit letter that detailed the nature and extent of his review, listed each issue Appellant wished to have reviewed, and explained why and how those issues were meritless. Counsel provided substantive reasons, cited four cases, referenced three different sections of a statute, and confirmed that trial counsel was licensed to practice law despite Appellant's baseless accusations of impropriety. Counsel also stated he conducted an independent review of the record and found no additional claims of merit for Appellant to pursue. Therefore, PCRA counsel satisfied all the necessary *Turner/Finley* steps to withdraw

---

[12] To merit entitlement to an evidentiary hearing on a claim of ineffectiveness of counsel, a defendant must set forth an offer to prove sufficient facts upon which a reviewing court can conclude that counsel may have in fact been ineffective. *Commonwealth v. Priovolos*, 715 A.2d 420, 422 (Pa. 1998) (quoting *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981)). Where the record reflects that the underlying claim is of no arguable merit or no prejudice resulted, no evidentiary hearing on an ineffective assistance claim is required. *Commonwealth v. Pirela*, 726 A.2d 1026,1037 (Pa. 1999). In the case *sub judice*, the record reflected the underlying claims lacked merit and a hearing was not necessary.

20

from the case. The PCRA court then conducted a thorough independent review of the record as detailed in the Rule 907 Notice and found the petition to be meritless. Consequently, Appellant's assertion in this regard must fail.

Assuming, *arguendo*, PCRA counsel failed to comply with all of the *Turner/Finley* requirements, Appellant is still not entitled to relief. In *Commonwealth v. Gaerttner*, 649 A.2d 139 (Pa. Super. 1994), where the Superior Court found that counsel's no merit letter fell "considerably short of the requirements" of *Turner/Finley*, the Court treated counsel's failure to comply as harmless error because no claim had been presented that would entitle the defendant to post conviction relief and he had not been prejudiced. *Id.* at 143. As stated in *Gaerttner*:

> We could have thus vacated the lower court's order granting [PCRA counsel] permission to withdraw, and remanded this case with instructions to comply with *Finley* or file an advocate's brief. We need not make such a de facto finding of ineffectiveness, though, because [PCRA counsel]'s failure clearly did not prejudice [defendant]."

*Id.* In *Commonwealth v. Granberry*, 644 A.2d 204 (Pa. Super. 1994), where the Superior Court found a petitioner's PCRA issues to be without merit, the PCRA court's order denying appellant's petition and granting counsel's motion to withdraw was affirmed even though counsel technically failed to comply with *Finley*. *Granberry*, 644 A.2d at 210.[13]

## CONCLUSION

Based on a thorough review of the record, this court properly denied Appellant's PCRA Motion after concluding the issues were untimely, previously litigated, or not supported by the

---

[13] *See also Commonwealth v. Harris*, 553 A.2d 428, 434 (Pa. Super. 1989), where the Superior Court had no reluctance affirming the order denying post-conviction relief on substantive grounds when counsel was in non-compliance with the minimum requisites of *Turner/Finley* but the Court's review of the record revealed "the evidence against appellant was irrefutable, the guilty plea colloquy was impeccable, and the sentence of imprisonment imposed was manifestly appropriate." *Id.*

21

record. For the reasons stated herein, this appeal should be denied and the PCRA court should be affirmed.

BY THE COURT

March 17, 2017
Date

*[signature]*
DONALD R. TOTARO, JUDGE

ATTEST:

copies: Lancaster County District Attorney
Dennis Jay MacColl, Appellant, SCI-Laurel Highlands, 5706 Glades Pike, Somerset, PA 15501 *(by certified mail, return receipt requested, and first class mail)*

22