OLSZEWSKI, Judge.
Donald Gaerttner appeals the denial of his petition for post-trial relief. In 1979 Gaerttner, who was in his forties, committed several sex crimes against a twelve-year-old girl, [P.D.]. In 1980 a jury acquitted Gaerttner of the one rape charge, but convicted him on all other counts: promoting prostitution, indecent assault, sexual abuse, and corrupting the morals of a minor. Sentencing was delayed until 1982, and new counsel was appointed. The trial court considered Gaerttner’s admittedly extensive criminal history, and imposed the statutory maximum sentence — 18 to 36 years.
New counsel was again appointed for Ga-erttner’s direct appeal to this Court. Gaertt-ner raised nineteen claims of error, including numerous allegations that his trial counsel were ineffective. A panel of this Court affirmed the judgment of sentence in an extremely detailed memorandum decision. See appellee’s brief at A-7. Our Supreme Court declined review.
Gaerttner then raised the same allegations of error in federal habeas corpus petition. Because almost all of his claims had been litigated and disposed of on direct appeal, his petition was eventually denied. See Magistrate’s Report and Recommendation, appel-lee’s brief exhibit B. The only new claim Gaerttner raised in his habeas petition was that he received a disproportionately long sentence. The federal court considered this a cognizable habeas claim, but dismissed it because Gaerttner had not yet litigated it in the Pennsylvania courts. Id. at B-8 and B-9.
Gaerttner next brought this petition for post-conviction relief, once again raising all of the same allegations as before. Appointed counsel, attorney William Hathaway, wrote a Finley no-merit letter stating that all of Gaerttner’s claims had been either previously litigated or waived. Appellee’s brief at A-1 and A-2. The trial court agreed, granted counsel’s petition to withdraw, and dismissed Gaerttner’s PCRA petition without an evi-dentiary hearing. This appeal followed.
Because his court-appointed counsel was granted permission to withdraw, Gaerttner has filed an enormous pro se brief with this Court to support his PCRA appeal. It reiterates every allegation ever raised in his case, which he has been litigating for almost 15 years now. It is a considerable task simply to read through it in order to identify which claims have been previously litigated— a task that Gaerttner’s appointed counsel was apparently not up to.
Hathaway’s two-page Finley letter does not make any attempt to list, or even categorize, Gaerttner’s numerous and varied claims. It merely states that all his ineffectiveness of trial counsel claims have been previously litigated or waived. See appellee’s brief at A-2. We would not fault counsel for grouping many of Gaerttner’s claims together for easier disposition, since it is obvious that most of them have been dealt with before. Still, we cannot pretend that Hathaway’s letter even comes close to meeting the requirements for withdrawal set forth in Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988). Finley requires counsel to list each issue the petitioner wishes to have reviewed, and explain why the issue is meritless. Id. at 393, 550 A.2d at 215. Hathaway’s purported Finley letter makes no attempt to list, explain, structure or elucidate any of Gaerttner’s myriad claims. Instead of researching his client’s lengthy case, counsel simply punted.
We, however, have taken the time to study Gaerttner’s pro se brief, and separate the wheat of cognizable claims from the previously litigated chaff. Our independent review *142 satisfies us that none of Gaerttner’s claims have merit, so we will affirm the trial court’s order despite counsel’s failure to present his client’s case.
I.
The bulk of Gaerttner’s 53-page brief is devoted to sentencing issues (pp. 9-21), the allegedly ineffective assistance of his trial counsel (pp. 23-38), and other alleged pretrial and trial errors concerning district justices, bias, publicity and venue (pp. 40-50). After a careful review of the record, we find that all of these claims have been either previously litigated or are not cognizable un-' der the PCRA.
Gaerttner raised 19 claims of error in his direct appeal, many alleging ineffective assistance of trial counsel. We agree with the Finley letter’s summary conclusion that all claims of ineffective assistance of trial counsel have been previously litigated or waived by this point, since they should have been raised on direct appeal by Gaerttner’s new counsel. See 42 Pa.C.S.A. §§ 9543(a)(3)(iii), 9544(a) and (b); Commonwealth v. Tanner, 410 Pa.Super. 398, 600 A.2d 201 (1991), alloc. denied, 530 Pa. 654, 608 A.2d 29 (1992).
The claims regarding Gaerttner’s sentence are not cognizable under the PCRA, because they do not challenge the sentence’s legality or involve the truth-determining process. 42 Pa.C.S.A. § 9543(a)(2); Commonwealth v. Lewis, 430 Pa.Super. 336, 634 A.2d 633 (1993). The alleged errors at the preliminary hearing are also not cognizable. Commonwealth v. Bond, 428 Pa.Super. 344, 630 A.2d 1281 (1993). The four pages devoted to [P.D.] ’s bias were matters which the jury considered and resolved against Gaerttner. The remaining allegations about pre-trial publicity and venue were addressed by this Court in Gaerttner’s direct appeal, so we need not reconsider them. See appellee’s brief at A-8, 9.
Having grouped Gaerttner’s old and unre-viewable claims together and addressed them, we may now turn our attention to the few cognizable issues Gaerttner presents.
II.
Page 22 of Gaerttner’s brief alleges that he has been keeping track of similarly situated criminal defendants, and they all have received much shorter sentences than himself. Gaerttner is apparently alleging that his disproportionately heavy sentence (the statutory maximum) constitutes a violation of equal protection. The federal court which dismissed Gaerttner’s habeas petition noted that this was a cognizable habeas claim, but dismissed it nonetheless because it had not yet been litigated in a state court proceeding. See appellee’s brief at B-8, B-9. This claim is cognizable under the PCRA, since it alleges a violation of the Constitution which could require the granting of federal habeas corpus relief to a state prisoner. 42 Pa.C.S.A. § 9543(a)(2)(v).
Gaerttner does not document his claim. Moreover, Gaerttner concedes that his ease is not exactly like any other case which he has studied in terms of the “severity and repetitiveness of the crimes committed.” Our review of the record leaves no doubt that the reason Gaerttner was given such a long sentence was because of his exceptionally long rap sheet, and peculiar involvement with child pornography. See sentencing transcript, 1/18/82 at 33-45. Thus, Gaerttner’s punishment was tailored to fit his admittedly unique crimes and criminal history; we see no equal protection violation.
III.
Gaerttner alleges his sentencing and appellate counsel were ineffective for failing to adequately present his claim that the sentencing court relied on an inaccurate pre-sentence report. This Court’s decision on direct appeal only briefly mentioned the underlying issue, noting that it had not been adequately developed. See appellee’s brief at A-26. Thus, this allegation of appellate counsel’s ineffectiveness has not been previously litigated.
The claim, however, lacks merit. Gaerttner challenged the accuracy of his pre-sentence report during his sentencing hearing. Gaerttner’s only claim was that some of *143 the prior convictions listed duplicated each other. The trial court gave him an opportunity to point out which priors were redundant, and accepted his corrections. N.T. 1/18/82 at 37-42. Then to sum up, the trial court confirmed that even as corrected, the pre-sentence report showed that Gaerttner had been steadily involved in crime since 1953. Gaerttner conceded that this was true. Id. at 43. Counsel will not be found ineffective for failing to pursue a meritless claim. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987).
IV.
This leaves us with the first dozen pages of Gaerttner’s brief to consider. The first six pages are generalizations, claiming that the entirety of the process was defective. Our general impression after reviewing Gaertt-ner’s brief and record is that there has been no miscarriage of justice. Thus, we look to specific, supported claims of error. Gaertt-ner gives us two.
He claims that the PCRA court judge who accepted Hathaway’s Finley letter and dismissed his petition should have re-cused herself, because she had filed some documents as a County Solicitor in a civil ease Gaerttner brought eight years ago. Judge Domitrovieh could have ruled on Ga-erttner’s motion for recusal herself; but to avoid any possible appearance of impropriety, she asked another Erie County judge, the Honorable Jess Judiante, to consider the motion. Judge Judiante found that Judge Do-mitrovich could be fair and impartial in this matter, and denied the recusal motion. Ga-erttner offers us no reason why Judge Domi-trovich’s limited prior court contact with Ga-erttner should mandate recusal. Hence, we can find no abuse of discretion in Judge Domitrovieh’s decision to adjudicate Gaertt-ner’s PCRA petition.
Gaerttner also claims that his appointed PCRA counsel, William Hathaway, did absolutely nothing for him: he did not amend Gaerttner’s PCRA petition, review his case files, or discuss the case, but instead filed his Finley letter and motion to withdraw just a few days after being appointed. Gaerttner therefore argues that his case should be remanded because he was essentially denied his right to appointed counsel for his first PCRA petition.
We cannot accept Gaerttner’s claim that his case falls under the rule of Commonwealth v. Tunnicliff, 402 Pa.Super. 294, 586 A.2d 976 (1991) (first time PCRA petitioner had right to appointed counsel; dismissing petition as meritless without appointing counsel was improper). Here, the court did appoint counsel. Rather, we would characterize Gaerttner’s claim as one of ineffectiveness of his PCRA counsel, a claim which he properly raises in this appeal.
As we noted at the outset, Hathaway’s letter to the court and petition to withdraw fall considerably short of the requirements of Commonwealth v. Finley, supra. We could have thus vacated the lower court’s order granting Hathaway permission to withdraw, and remanded this case with instructions to comply with Finley or file an advocate’s brief. We need not make such a de facto finding of ineffectiveness, though, because Hathaway’s failure clearly did not prejudice Gaerttner. See Pierce, supra. Our review of Gaerttner’s arguments and the available record amply convince us that he can present no claim which would entitle him to post-conviction relief. We therefore affirm the lower court’s order denying Gaertt-ner’s petition without an evidentiary hearing.
Affirmed.