**COMMONWEALTH of Pennsylvania,**

v.

**George McKINNEY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 2001.
Filed April 19, 2001.

Gerald I. Roth, Allentown, for appellant.

Anthony J. Rosini, Assistant District Attorney, Sunbury, for Com., appellee.

Before FORD ELLIOTT, JOYCE, JJ. and CERCONE, President Judge Emeritus.

FORD ELLIOTT, J.:

¶ 1 George McKinney, Jr. appeals from the July 28, 1999 order that dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546. We affirm.

¶ 2 Following a three-day jury trial, appellant was convicted of arson and related charges on November 12, 1998. Before sentencing, appellant obtained new counsel.[1] On March 8, 1999, appellant was sentenced to a two to nine-year aggregate term of imprisonment. Appellant filed a direct appeal to this court, but subsequently discontinued the appeal on May 11, 1999.

¶ 3 Meanwhile, on April 21, 1999, appellant filed a counseled petition for post-conviction relief, alleging the ineffectiveness of trial counsel. The Commonwealth filed its reply on May 17, 1999. On June 4, 1999, President Judge Robert B. Sacavage entered an order setting a hearing date on appellant's PCRA petition. However, on June 28, 1999, Judge William Harvey Wiest sent notice pursuant to Pa. R.Crim.P. 1507 that the PCRA petition would be dismissed because the issues raised in the petition were not first addressed in a direct appeal. On July 26, 1999, Judge Wiest dismissed the PCRA petition. President Judge Sacavage, aware of Judge Wiest's July 26th order, held a hearing on July 28, 1999. At the conclusion of the hearing, the order of July 26, 1999 dismissing appellant's PCRA petition was adopted.[2] This appeal followed.

 ¶ 4 Appellant argues the PCRA court erred when it dismissed his petition due to appellant's failure to first raise the issues in a direct appeal. Our standard of review for post-conviction relief orders looks to whether the record supports the PCRA court's determination and whether

---

1. We note that appellant has been represented by the same counsel from the time before sentencing through the present appeal.

2. It is not clear how this case came before the two different judges. We refer to the following comment made at the July 28, 1999 hearing:

THE COURT: Before I do anything, any ruling in this case I'm going to recess and confer with Judge Wiest to find out how he happened to administratively get this case before him when it was tried before me. But beyond that—and Judge Wiest is here and available for that purpose.

Notes of testimony, 7/28/99 at 11.

the PCRA court's determination is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 141–42, 732 A.2d 582, 586 (1999).

 ¶ 5 "Ordinarily, absent extraordinary circumstances, the failure to file a direct appeal from the judgment of sentence amounts to waiver of any claim which could have been raised in such an appeal, thereby precluding collateral relief. . . . To successfully avoid a finding of waiver, the appellant 'must prove that he requested an appeal and that counsel disregarded the request.'" *Commonwealth v. Lehr,* 400 Pa.Super. 514, 583 A.2d 1234, 1235 (1990), quoting *Commonwealth v. Hudson,* 336 Pa.Super. 174, 485 A.2d 487, 489 (1984). *See also Commonwealth v. Gaerttner,* 437 Pa.Super. 84, 649 A.2d 139 (1994) (holding that claims of ineffectiveness of a defendant's trial counsel are waived and could not be considered under the Post Conviction Relief Act where such claims should have been raised on direct appeal by defendant's new counsel).

¶ 6 Instantly, appellant filed a direct appeal but made a counseled decision to withdraw it in favor of filing a PCRA petition alleging trial counsel's ineffectiveness. (Notes of testimony, 7/28/99 at 2–3). In his response to the PCRA court's Rule 1507 notice of intention to dismiss, appellant states: ". . . in order to expedite the Post Conviction Relief remedies Petitioner had his appeal voluntarily withdrawn rather than tax the Superior Court by having to read briefs and make an adjudication of what appeared to be non-cognizable." (*See* certified record document # 64, Defendant's Memorandum of Law in Support of Viability of Defendant's Post Conviction Relief Act Petition at 1–2.) Regrettably for appellant, the ineffectiveness claims involving trial counsel were not only cognizable on appeal but were required to be presented by new counsel at that time.

 ¶ 7 We find this case disturbing because appellant has been denied his direct appeal rights due to counsel's ineffective assistance on that appeal. Moreover, counsel has not raised his own ineffectiveness before the PCRA court or on the present appeal. Additionally, if appellant with the help of new counsel filed a second PCRA petition alleging ineffectiveness of instant counsel, that petition would be untimely. Our supreme court has made it clear that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Murray,* 562 Pa. 1, 5, 753 A.2d 201, 203 (2000).

¶ 8 Clearly, this type of Catch 22 situation could not have been what the legislature intended or what our supreme court envisioned. However, as an intermediate appeals court, the result we reach is all that we are empowered to do. *See Morgan v. McPhail,* 449 Pa.Super. 71, 672 A.2d 1359, 1363 (1996) (noting the function of an appellate court is to uphold the decisional law of the supreme court, but that a second function of the intermediate appellate court is to stimulate revision in the law by the highest court where reform or clarification is necessary), *affirmed,* 550 Pa. 202, 704 A.2d 617 (1997). Accordingly, we are constrained to affirm the order of the PCRA court dismissing appellant's PCRA petition.

¶ 9 Order affirmed.