J-S74012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUENTIN HAYWARD | : | |
| | : | |
| Appellant | : | No. 3625 EDA 2018 |

Appeal from the PCRA Order Entered November 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003705-2016

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 31, 2020**

Appellant, Quentin Hayward, appeals from the post-conviction court's November 14, 2018 order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Additionally, Appellant's counsel, Lawrence J. Bozzelli, Esq., has filed a ***Turner/Finley***[1] 'no-merit' letter and a petition to withdraw from representing Appellant.  After careful review, we affirm the order denying Appellant PCRA relief and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1]  ***Commonwealth  v.  Turner***, 544  A.2d  927  (Pa.  1988),  and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The facts underlying Appellant's convictions are not pertinent to his present appeal. The Commonwealth summarized the procedural history of his case, as follows:[2]

On January 13, 2017, [Appellant] pled guilty … to possession with intent to deliver ("PWID") and … possession of [a controlled substance]. The trial court imposed a county sentence ("Philadelphia sentence") of nine to twenty-three months' imprisonment followed by three years of probation on April 7, 2017. [Appellant] did not file post-sentence motions or a direct appeal; therefore, his judgment of sentence became final on May 7, 2017.

On June 27, 2017, after the Philadelphia sentence had been imposed, [Appellant] had a violation of probation hearing in Delaware County. The Delaware County court found that [Appellant] had been arrested for, and ultimately convicted of, PWID and [possession of a controlled substance] in this Philadelphia matter. The Delaware County court sentenced [Appellant] to eighteen to thirty-six months' imprisonment ("Delaware County sentence"). The Delaware County court did not clarify whether the revocation sentence would be served concurrently with[,] or consecutively to[,] the preceding Philadelphia sentence. In the absence of this sentencing condition, the Pennsylvania Department of Corrections ("DOC") fashioned one consecutive, continuous state sentence when it aggregated [Appellant's] Philadelphia and Delaware County sentences.

On October 10, 2017, [Appellant] filed his first PCRA petition, which is the subject of this appeal. In his *pro se* petition, [Appellant] asserted that the DOC violated the Philadelphia trial court's sentencing order by converting his county sentence, *i.e.,* his Philadelphia sentence, into a consecutive state sentence when it aggregated it with his Delaware County sentence.

_____

[2] Neither Attorney Bozzelli, nor the PCRA court, provided a factual history for this Court, and Attorney Bozzelli's procedural history is simply a bullet-point recitation of the filings in this case. We therefore utilize the Commonwealth's more developed statement of the procedural history.

On December 19, 2017, PCRA counsel filed an amended PCRA petition, in which he identified one issue for review: whether the DOC had legal authority to require [Appellant] to serve his Philadelphia sentence—a county sentence—in state custody. In addition, [Appellant] acknowledged that Philadelphia plea counsel was not ineffective with respect to this issue because [Appellant] had signed a written guilty plea colloquy in which he was notified that his plea could result in a probation violation. [Appellant] also conceded that his sentence was legal, given that his potential exposure for felony PWID was ten years but he received only twenty-three months' imprisonment followed by three years' probation.

The Commonwealth filed its motion to dismiss on June 28, 2018, arguing that (1) [Appellant's] sentencing claim did not implicate the truth-determining process or the legality of sentence, and therefore, [it] was not cognizable under the PCRA, *see* 42 Pa.C.S. § 9543(a)(2)(vii); and (2) his sentencing claim was moreover meritless because the DOC is authorized to require [Appellant] to serve his county sentence in state custody, *see* 42 Pa.C.S. § 9762. The PCRA court issued a [Pa.R.Crim.P.] 907 notice of intent to dismiss [Appellant's] PCRA petition.

On October 15, 2018, [Appellant] responded to the PCRA court's Rule 907 notice. In his *pro se* response, [Appellant] challenged the effectiveness of his present PCRA counsel for failing to include in his amended PCRA petition "that [the] county [j]udge or the county defense attorney was to have the [Delaware County] sentence run current[4] to the already existing Phila[delphia] sentence, nor did he includ[e] in his amended PCRA petition that his plea counsel was ineffective for fail[ing] to [challenge the] defective guilty [plea] colloquy [and his] illegal sentence pursuant to *Alleyne v. United States*[, 570 U.S. 99, 106 (2013) (holding that 'facts that increase mandatory minimum sentences must be submitted to the jury' and found beyond a reasonable doubt)]." ([Appellant's] *Pro Se* Response, at *1) (unpaginated) (missing words and typographical errors corrected for clarity). In addition, [Appellant] contended that plea counsel was also ineffective for failing to file a notice of appeal despite his alleged requests for him to do so.

On November 14, 2018, the PCRA court dismissed [Appellant's] PCRA petition. [Appellant] appealed, and PCRA counsel filed a notice of intent[] to file a brief pursuant to [*Turner/Finley*] on April 11, 2019.

> <sup>4</sup> It appears that [Appellant] believes his Delaware and Philadelphia sentences should have been concurrent rather than consecutive.

Commonwealth's Brief at 3-6 (some footnotes omitted).

In light of counsel's statement of his intent to seek to withdraw, the PCRA court did not issue a Pa.R.A.P. 1925(a) opinion. On July 26, 2019, Attorney Bozzelli filed a no-merit letter and a petition to withdraw. In the no-merit letter, counsel addressed the single issue raised in Appellant's amended PCRA petition, *i.e.*, whether "the Pennsylvania [DOC] ha[d] legal authority to require [Appellant] to serve the original 9-23 month county sentence in state custody[.]" No-Merit Letter at 4 (unnecessary capitalization omitted). Appellant has not filed any response to counsel's petition to withdraw.

We must begin by determining if Attorney Bozzelli has satisfied the requirements for withdrawal. In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),<sup>3</sup> which provides:

---

<sup>3</sup> In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the [Appellant] has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Bozzelli filed his petition

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

Instantly, we conclude that Attorney Bozzelli has complied with the requirements of *Turner*/*Finley*. Specifically, in his no-merit letter, counsel details the nature and extent of his review, addresses the claim Appellant raised in his PCRA petition, and discusses his conclusion that the issue lacks merit. *See* No-Merit Letter at 4-6. Additionally, counsel served Appellant with a copy of the petition to withdraw and *Turner*/*Finley* no-merit letter, and advised Appellant of his right to proceed *pro se* or with privately retained

_____

to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in *Pitts* is inapplicable.

- 5 -

counsel. Thus, we will now conduct an independent review of the merits of Appellant's claim.

According to Attorney Bozzelli, Appellant "believes that his rights were violated because the original county sentence imposed by [the Philadelphia Court of Common Pleas] was amended to essentially become a state sentence. This would be a violation of [the trial court's] order to serve the sentence in county [prison]." *Id.* at 5. Attorney Bozzelli and the Commonwealth agree that this claim is meritless. In particular, the Commonwealth concludes that Appellant's sentencing challenge is not cognizable under the PCRA, explaining:

> The PCRA does not provide relief for [Appellant's] present challenge to the DOC's authority to aggregate his Philadelphia and Delaware County sentences in the way that it did. *See* 42 Pa.C.S. § 9543(a)(2) ([stating that a] petitioner may be eligible for PCRA relief only if he can prove a constitutional violation, ineffective assistance of counsel, an unlawful guilty plea, government obstruction of appellate rights, after-discovered facts that would have changed the trial outcome, an illegal sentence, or lack of jurisdiction). [Appellant], in his amended PCRA petition, conceded that his Philadelphia sentence was legal and that he knowingly, intentionally, and voluntarily pled guilty.[4] He also asserted that

---

[4] Specifically, in Appellant's amended petition, he stated:

> [Appellant] acknowledge[s] signing the written guilty plea colloquy which explained that his plea of guilty could result in a violation of his probation. The sentence imposed by [the trial court] was not an illegal sentence[,] given that [Appellant's] exposure for a felony PWID was 10 years and he was sentenced to serve 23 months followed by three years of probation. Further, trial counsel could not be found ineffective for failing to request that this sentence be run concurrent to any other sentence. Rather, it would have been the responsibility of trial counsel in Delaware County to make the request given that [that] was the

his Philadelphia plea counsel was not ineffective for failing to request his Philadelphia sentence to be made concurrent with his Delaware County revocation sentence, given the Delaware County sentence did not yet exist. Therefore, the PCRA court properly determined that [Appellant's] sentencing claim, which did not seek relief for any of the reasons delineated under § 9543, did not warrant PCRA relief. *See Commonwealth v. Gaerttner*, 649 A.2d 139, 142 (Pa. Super. 1994) ([stating that] [s]entencing claims are not cognizable unless they implicate the truth-determining process or sentence legality).

[Appellant's] instant challenge to the DOC's authority could have been addressed in a *mandamus* action before the Pennsylvania Commonwealth Court, rather than in a PCRA petition. *See Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1064 (Pa. Cmwlth. 1987) ("[T]he proper method by which a prisoner could challenge the aggregation of his sentences [i]s through a *mandamus* action."); *Stodghill v. Pa. Bd. of Prob. & Parole*, 123 A.3d 798 (Pa. Cmwlth. 2015) ("A writ of *mandamus* is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty."); 42 Pa.C.S. § 761 ("[T]he Commonwealth Court shall have original jurisdiction in cases of *mandamus*[….]").

Commonwealth's Brief at 11-12.

We agree with the Commonwealth that the PCRA does not afford relief for the specific claim that Appellant raised in his amended petition. Thus, we discern no error in the PCRA court's dismissing his petition.

We recognize that Attorney Bozzelli did not address the claims raised in Appellant's *pro se* response to the court's Rule 907 notice. However, as the Commonwealth points out, Appellant "was not permitted to litigate issues in

_____

later of the [two] sentences … imposed. [The Delaware County Court of Common Pleas] never ordered the time to run concurrent and so it is calculated as a consecutive sentence.

Amended Petition, 12/19/17, at 4.

his *pro se* response because he was already represented by counsel." Commonwealth's Brief at 13 (citing **Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1993) (prohibiting hybrid representation in PCRA proceedings)). We acknowledge that Attorney Bozzelli could have sought to file an amended petition raising Appellant's *pro se* claims. However, he did not do so, and Appellant has not filed with this Court any response to Attorney Bozzelli's petition to withdraw claiming that counsel acted ineffectively in this regard. Thus, we are constrained to conclude that Attorney Bozzelli did not err by omitting from his **Turner/Finley** analysis the claims raised in Appellant's *pro se* response to the court's Rule 907 notice, as Appellant filed that response in violation of the prohibition against hybrid representation.[5]

In sum, we agree with Attorney Bozzelli's conclusion that the claim raised in Appellant's PCRA petition was meritless and that, consequently, the PCRA court did not err in dismissing it. As such, we affirm the court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

---

[5] We recognize that we could *sua sponte* provide Appellant relief if we agreed with his assertion (set forth in his Rule 907 response) that his sentence is illegal under **Alleyne**. However, no mandatory-minimum sentence was imposed in this case, making it apparent that **Alleyne** does not apply.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/20