J-S13013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY JAN MOSER, JR. | : | |
| | : | |
| Appellant | : | No. 1459 MDA 2024 |

Appeal from the PCRA Order Entered October 8, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002367-2020

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: MAY 12, 2025**

Larry Jan Moser, Jr. appeals *pro se* from the order entered in the Court of Common Pleas of Berks County dismissing his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm in part and vacate and remand in part.

A detailed recitation of the facts underlying Moser's conviction is unnecessary for our disposition. At a bench trial held on June 29, 2022, Moser, represented by Adam Bompadre, Esquire, was found guilty of two counts of driving under the influence of a controlled substance/drug and one count of unauthorized transfer or use of registration.[1] On July 21, 2022, Moser was sentenced to 30 to 60 months' incarceration in a state correctional facility.

---

[1] 75 Pa.C.S.A. §§ 380(d)(1)(i), 3802(d)(2), 1372(3), respectively.

Moser did not file a post-sentence motion or pursue a direct appeal. The PCRA

court summarized the subsequent procedural history of the case as follows:

> On July 27, 2022, [Moser] filed the first of two *pro se* petitions
> under the PCRA. Just at the end of the thirty-day time frame for
> filing a direct appeal, on August 22, 2022, [Moser] filed his second
> *pro se* PCRA petition. On February 25, 2023, [the PCRA court]
> appointed Lara Glenn Hoffert, Esquire, to represent [Moser] as
> PCRA counsel in the disposition of both petitions.
>
> On October 2, 2023, PCRA Counsel filed a "No Merit Letter" asking
> for permission to withdraw as PCRA Counsel. After a thorough
> review of the entire file, as well as communicating with [Moser]
> and a review of all issues and relevant [case law], Attorney Hoffert
> concluded that there were no issues of arguable merit. PCRA
> counsel served [Moser] a copy of the "no-merit" letter and
> provided him with a statement advising him of his rights if the
> request to withdraw was granted. On October 4, 2023, [the PCRA
> court] granted [PCRA counsel's] request to withdraw pursuant to
> **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)[,]
> and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).
>
> Prior to any further action being taken by the PCRA court, [Moser]
> again filed an appeal of a non-final order. This appeal was
> docketed at 1476 MDA 2023. [Moser] subsequently requested to
> withdraw the appeal. The Superior Court formally discontinued the
> appeal on February 14, 2024 to allow [the PCRA court] to render
> a decision on the claims set forth by [Moser] in both of his *pro se*
> filings.

Rule 907 Notice, 9/11/24, at 1-2 (footnote omitted).

Moser made numerous *pro se* filings with the PCRA court between March

and September of 2024. On September 11, 2024, the PCRA court filed an

order and notice of intent to dismiss Moser's first PCRA petition without a

hearing, pursuant to Pa.R.Crim.P. 907, upon finding Moser failed to present a

genuine issue of material fact. **See id.** at 2. The court granted Moser 20 days

to respond to its notice, and he filed a *pro se* response on September 30,

2024. Additionally, on October 4, 2024, Moser filed a notice of appeal dated October 2, 2024.[2] On October 8, 2024, the PCRA court entered an order dismissing Moser's PCRA petition. On November 1, 2024, Moser filed a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), in which he alleged 40 errors. The PCRA court filed a statement in lieu of opinion on December 10, 2024, referring to and adopting the procedural history and discussion contained in its Rule 907 notice. **See** Pa.R.A.P. 1925(a).

Moser presents the following 12 questions for our review:

1) Did the PCRA court [err] in denying relief that appellant's lawful [traffic stop] exceeded the time needed to handle the matter for which the stop was [initiated, violating the] Constitution's shield against unreasonable searches and seizures in Article 1 Section 8 Pennsylvania Constitution and Fourth Amendment of United States Constitution?

2) Did the PCRA court [err] in denying relief that appellant's consent-based search was in fact freely and voluntarily given, trooper never advised appellant in any way that he was free not to consent to the search violating Pennsylvania Constitution Article I Section 8 and Fourth Amendment of United States Constitution against unreasonable search and seizures?

3) Did the PCRA court [err] in denying relief that appellant was arrested at the time he was placed in [handcuffs] and detained without reasonable suspicion or probable cause prior to and during appellant's search of vehicle violating the [Constitution's] shield

_____

[2] Moser purports to appeal from the September 11, 2024 Rule 907 Order and Notice of Intent to Dismiss. However, the appeal properly lies from the final order entered on October 8, 2024. **See** Pa.R.A.P. 341. We have changed the case caption accordingly. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

against unreasonable seizures in Article I Section 8 of Pennsylvania Constitution and Fourth Amendment United States Constitution?

4) Did the PCRA court [err] in denying relief that appellant's alleged furtive movements provided a sufficient basis upon which to conduct [an] investigative detention after the mission of the stop ended or should [have] ended, violating the Constitution's [shield] against unreasonable seizures in Article I Section 8 of Pennsylvania's Constitution and Fourth Amendment United States Constitution?

5) Did the PCRA court [err] in denying relief that appellant was not in actual physical control of the vehicle or in control of movement or management of the vehicle?

6) Did the PCRA court [err] in denying relief that appellant was sentenced to an illegal sentence under 75 Pa.C.S. § 3816(a) failure to have a mandatory drug and alcohol evaluation (CRN) prior to sentencing on [appellant's] second DUI within ten years?

7) Did the PCRA court [err] in denying relief that appellant's trial counsel Adam Bompadre was ineffective assistance under [the] review of such a claim in accordance with the three prong ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA 42 Pa.C.S.A. § 9543, failure to file direct appeal, failure to file suppression motion(s) and failure to have (CRN) drug and alcohol evaluation prior to sentencing?

8) Was PCRA counsel Lara Christine Glenn Hoffert ineffective assistance of counsel on her review of [meritorious] issues raised by appellant?

9) Did the PCRA court [err] in denying relief that appellant's Miranda Rights; Fifth Amendment United States Constitutional Rights were violated?

10) Did the PCRA court [err] in denying relief that appellant had a due process right under Pennsylvania Rules of Criminal Court to provide a Final Order for appellant's application for "bail pending disposition of Post-Conviction Act Petition"?

11) Did the PCRA court [err] in denying relief that appellant's verdict was against the weight of the evidence presented at trial?

- 4 -

12) Did the PCRA court [err] in denying relief that there was insufficient evidence presented at appellant's non-jury trial to support the guilty verdict for 75 Pa.C.S.A. § 3802?

Appellant's Brief, at 1(a)-1(d) (suggested answers omitted).

We first consider whether Moser's claims are properly before us. The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. However, the PCRA is "not intended … to provide a means for raising issues waived in prior proceedings." ***Id.*** Accordingly, to be eligible for PCRA relief, a petitioner must prove that the error alleged has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). Pursuant to 42 Pa.C.S.A. § 9544(b), "[a]n issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." ***Commonwealth v. Berry***, 877 A.2d 479, 484 (Pa. Super. 2005) (*en banc*); ***see Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) ("At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not).").

> Ordinarily, absent extraordinary circumstances, the failure to file a direct appeal from the judgment of sentence amounts to waiver of any claim which could have been raised in such an appeal, thereby precluding collateral relief.… To successfully avoid a finding of waiver, the appellant must prove that he requested an appeal and that counsel disregarded the request.

***Commonwealth v. McKinney***, 772 A.2d 1023, 1025 (Pa. Super. 2001) (internal quotation marks and citation omitted).

- 5 -

In his first, second, third, fourth, and ninth issues, Moser challenges the constitutionality of the search and seizure conducted by the arresting officer. *See* Appellant's Brief, at 1(a)-1(c). Moser's fifth, eleventh, and twelfth issues challenge the weight and sufficiency of the evidence presented at trial. *See* Appellant's Brief, at 1(b), 1(d).

Moser has waived these claims by failing to file either a post-sentence motion or a direct appeal from his judgment of sentence. *See McKinney*, 722 A.2d at 1025. Moser has neither alleged nor proven that he requested an appeal or that counsel disregarded the request. *Id.* Our review of the record confirmed that both Moser and trial counsel signed an acknowledgement of post sentence procedures on July 21, 2022. Furthermore, trial counsel indicated in his petition to withdraw that "[s]ince his sentencing on July 21, 2022, [Moser] has not contacted either [trial counsel] nor the Office of the Public Defender, nor requested the Office of the Public Defender to perfect any appeal he may have been entitled to." Petition to Withdraw as Counsel, 1/12/23, at ¶ 7. Therefore, we deem Moser's first, second, third, fourth, fifth, ninth, eleventh, and twelfth issues waived on this basis.

In his tenth issue, Moser alleges the PCRA court erred by failing to consider his petition for bail while his petition for PCRA relief was pending. *See* Appellant's Brief, at 1(d). This issue is waived because Moser failed to include it in his 1925(b) statement. *See* Pa.R.A.P. 302(a) ("Issues not raised

- 6 -

before the lower court are waived and cannot be raised for the first time on appeal.").

Accordingly, because Moser waived these issues, they do not entitle him to PCRA relief. We now turn to the issues properly before us.

Our standard and scope of review over PCRA matters is well-established:

> When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However[,] we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020) (brackets and citation omitted). "Moreover, in general, we may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. McCready*, 295 A.3d 292, 297 (Pa. Super. 2023) (brackets and citation omitted).

In his sixth issue, Moser challenges the legality of his sentence. *See* Appellant's Brief, at 1(b). Specifically, Moser maintains that his sentence is illegal because he was not provided a full drug and alcohol addiction

assessment prior to sentencing, as required by the Vehicle Code's sentencing scheme for DUI offenders. ***See id.*** at 4(h)-4(i). We agree.

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Prince***, 320 A.3d 698, 700 (Pa. Super. 2024) (emphasis added, citation omitted); ***see also Commonwealth v. Prinkey***, 277 A.3d 554, 562 (Pa. 2022) (an allegation "that a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority" presents a challenge to the legality of a sentence). A challenge to the legality of a sentence is cognizable under the PCRA and cannot be waived so long as it is presented in a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9543; ***Commonwealth v. Balance***, 203 A.3d 1027, 1031 (Pa. Super. 2019).

Section 3816 of our Vehicle Code mandates the following for DUI offenders:

> **(a) Evaluation using Court Reporting Network.**—In addition to any other requirements of the court, every person convicted of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) … shall, prior to sentencing …, be evaluated using Court Reporting Network instruments issued by the department and any other additional evaluation techniques deemed appropriate by the court to determine the extent of the person's involvement with alcohol or controlled substances and to assist the court in determining what sentencing, probation or conditions of Accelerated Rehabilitative Disposition would benefit the person or the public.

75 Pa.C.S.A. § 3816(a). Pursuant to section 3814(1), a defendant must be evaluated under section 3816(a) prior to sentencing. **See** 75 Pa.C.S.A. § 3814(1). Section 3814 further mandates that prior to sentencing, a defendant must undergo a "full assessment for drug and alcohol addiction" as a component of a DUI sentence if the defendant has been sentenced for a prior DUI conviction within 10 years of the current offense. 75 Pa.C.S.A. § 3814(2)(i)(A). This assessment must be conducted by the Department of Health, the county agency responsible for drug and alcohol programs, or clinical personnel of a facility licensed by the Department of Health to conduct drug and alcohol treatment programs. 75 Pa.C.S.A. § 3814(3)(i)-(iii). Furthermore, this assessment must "consider issues of public safety" and "include recommendations" for length of stay, levels of care, and follow-up care and monitoring. 75 Pa.C.S.A. § 3814(4)(i)-(iii). Because "a sentencing court has no discretion or authority to impose a sentence for a DUI violation prior to the completion of the Assessment required by Section 3814[,]" a sentence imposed without the requisite assessments is illegal and must be vacated and remanded for resentencing. **Commonwealth v. Taylor**, 104 A.3d 479, 493-94 (Pa. 2014).

> As our Supreme Court made clear in **Commonwealth v. Taylor**, 628 Pa. 547, 104 A.3d 479 (2014), **"by phrasing the requirement in mandatory language, the General Assembly left no doubt that the [a]ssessment is a mandatory part of the sentencing scheme that cannot be dispensed with at the sentencing court's discretion."** **Id**. at 491.

***Commonwealth v. Prince***, 320 A.3d 698, 703 (Pa. Super. 2024) (emphasis in original).

Here, Moser was convicted of his second DUI offense within 10 years of his first and was therefore required to undergo an initial assessment pursuant to section 3816(a) and a full drug and alcohol assessment pursuant to section 3814(2) prior to sentencing. 75 Pa.C.S.A. §§ 3816(a), 3814(1)-(2)(i)(A). The sentencing court indicated that it considered the comments of trial counsel, the District Attorney, and Moser and reviewed a Pre-Sentence Investigation report "at some length," prior to imposing Moser's sentence. N.T. Sentencing, 7/21/22, at 8. Additionally, the court's DUI sentencing order required Moser to participate in any drug, alcohol, and mental health treatment as directed by the Berks County Probation Office or the PA Board of Parole. ***See*** Sentencing Order, 7/11/22, at 1. However, in our review of the record, we found no indication that Moser underwent either of the required assessments or that the sentencing court considered an assessor's recommendation in fashioning his sentence.

Therefore, we are constrained to find that the sentencing court committed an error of law by failing to obtain and consider the requisite pre-sentence assessments. Accordingly, Moser is entitled to relief on this issue, and his illegal sentence must be vacated and the case remanded for resentencing.

In his seventh issue, Moser raises three allegations of ineffective assistance of his trial counsel. *See* Appellant's Brief, at 1(c). Specifically, Moser argues that the PCRA court erred in denying him relief on this claim because trial counsel failed to file a direct appeal and motions to suppress evidence, and he failed to obtain a drug and alcohol assessment prior to sentencing. *Id.*

"Counsel is presumed effective, and the appellant bears the burden of proving otherwise." *Commonwealth v. Ortiz-Pagan*, 322 A.3d 247, 252 (Pa. Super. 2024) (citation omitted). A PCRA petitioner will only be eligible for relief if his conviction or sentence was the result of ineffective assistance of trial counsel, which "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(2)(ii). A PCRA petitioner must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987), to prevail on an ineffective assistance claim. Specifically,

> the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction.

*Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation omitted). A claim fails where "a petitioner fails to satisfy any of the three prongs of the ineffectiveness test[.]" *Id.* (citation omitted).

- 11 -

"[A] claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Pitt*, 313 A.3d 287, 293 (Pa. Super. 2024) (internal quotation marks and citations omitted). The "reasonable basis" inquiry determines "whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted). Prejudice is established if an appellant can prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation omitted). "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy the petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Gibson*, 318 A.3d 927, 934 (Pa. Super. 2024) (brackets and citation omitted). "A failure to satisfy any of the three prongs of the *Pierce* test requires rejection of a claim of ineffective assistance of trial counsel[.]" *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (citation omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). Moreover, "counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Davis*, 262 A.3d at 596 (citation omitted).

- 12 -

Moser is not entitled to relief. As a preliminary matter, Moser has not provided any discussion of the *Strickland*/*Pierce* standard in his brief, and he has not pleaded, let alone proven, how any of his claims of trial counsel ineffectiveness satisfy the elements of the ineffectiveness test. Therefore, Moser is due no relief on these claims. *See Chmiel*, 30 A.3d at 1128.

More specifically, although Moser alleges that his trial counsel was ineffective for failing to file motions to suppress evidence obtained during an allegedly unconstitutionally prolonged traffic stop, he utterly fails to prove the motion would have had merit, explain why counsel lacked a reasonable basis for electing not to file a suppression motion, or establish that the outcome of the proceeding would have been different had counsel elected to do so. *See* Appellant's Brief, at 1(c), 4(i); *see also Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (Where a defendant alleges that counsel ineffectively failed to pursue a suppression motion, "the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable.") (citation omitted).

Next, Moser alleges trial counsel was ineffective for failing to file a direct appeal. *See* Appellant's Brief, at 1(c). As previously discussed, Moser has neither alleged nor proven that he requested a direct appeal or that counsel disregarded his request. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) ("[B]efore a court will find ineffectiveness of counsel

for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and counsel disregarded the request.") (citation omitted). Therefore, this claim would fail.

Finally, Moser argues that trial counsel was ineffective for failing to procure a drug and alcohol assessment prior to sentencing, which prevented the court from fashioning a proper sentence that accounted for his rehabilitative needs. **See** Appellant's Brief, at 1(c). As we have found that Moser received an illegal sentence for his DUI conviction because of the trial court's failure to order the requisite pre-sentence assessments and remanded for resentencing we see no need to review this ineffective assistance of counsel claim.

In his eighth issue, Moser claims PCRA counsel was ineffective for failing to review the merits of his PCRA petition. **See** Appellant's Brief, at 4(j). We disagree.

Moser permissibly raises this ineffectiveness claim for the first time on appeal. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (footnote omitted) ("[A] PCRA petitioner may, after the PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). However, again, Moser utterly fails to plead and prove any of the **Strickland**/**Pierce** prongs to support this claim, and his bald assertion that PCRA counsel failed to review the merits of his PCRA petition is insufficient to

establish his ineffective assistance of PCRA counsel claim. *See Chmiel*, 30 A.3d at 1128; *Gibson*, 318 A.3d at 934. Moreover, Moser's assertion is contrary to the record. PCRA counsel reviewed and addressed the issues Moser raised in his PCRA petition at length in the *Turner*/*Finley* no-merit letter that accompanied her request to withdraw as PCRA counsel. *See* No-Merit Letter, 10/2/23, at 1-10. Accordingly, this claim also fails.

For the foregoing reasons, we vacate the sentence imposed for Moser's DUI conviction, and remand for resentencing in accordance with sections 3816 and 3814. We affirm the PCRA court's order dismissing Moser's remaining claims, as they do not entitle him to PCRA relief.

Order affirmed in part. Judgment of sentence vacated in part. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/12/2025

- 15 -